**In re the Petition for DISCIPLINARY ACTION AGAINST Jerrold M. HARTKE, an Attorney at Law of the State of Minnesota.**

**No. C5–86–1996.**

Supreme Court of Minnesota.

Dec. 20, 1990.

---

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Jerrold M. Hartke has committed professional misconduct warranting public discipline. In the petition, the Director alleged three separate counts of misconduct, each of which constituted a violation of one or more rules of professional conduct. Count one alleged that respondent made misrepresentations to a client. Count two alleged that respondent aided his employee, an attorney who had been suspended from the practice of law, in the unauthorized practice of law and that, as a result, a client matter was neglected. Count three alleged that respondent engaged in professional misconduct during his representation of a client in a marital dissolution matter when respondent attempted to obtain an ex parte order to show cause why the execution of a judgment against respondent's client should not be stayed. On October 15, 1990, a hearing on the petition was held before a referee.

Upon review of the evidence presented at the hearing, the referee concluded that respondent technically had violated Rules 1.3, 1.4, 4.1, 5.1(b), 5.3, 7.1, 7.5(a), 8.1 and 8.4(c) of the Minnesota Rules of Professional Conduct. However, the referee further stated that at least two of the three complaints filed with the Director, which later formed the basis of the allegations of counts one and three of the petition, "were auxiliary to and in aid of attempting to gain advantage in other pending matters." The referee stated that the complaint which provided the basis for count one was filed by one of respondent's clients who disputed the amount of legal fees charged by respondent and that the complaint which provided the basis for count three was filed by opposing counsel in the marital dissolution matter referred to above as a "hard ball" tactic to gain an advantage in the dissolution proceeding. Of the three counts, the referee found that only the second warranted discipline. As to that count, the referee concluded that respondent had failed to take appropriate steps to ensure that his employee, a suspended attorney, did not engage in the practice of law and that respondent had failed to keep apprised of the progress of a file that respondent had entrusted to the employee. Accordingly, the referee recommended that this court publicly reprimand respondent and place respondent on a supervised 3-year probation.

After the hearing before the referee, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived briefing and oral argument before this court and agreed that the referee's findings of fact and conclusions of law are conclusive. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand, followed by a 3-year supervised probation. In addition, respondent agreed to the imposition and payment of $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility, plus disbursements pursuant to Rule 24(b), Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the referee's findings of fact, conclusions of law and recommendation, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Jerrold M. Hartke, hereby is publicly reprimanded and placed on supervised public probation for a period of 3 years commencing with the date

of this order, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the conditions of respondent's public probation shall be as follows:

a. During the course of the probation, respondent shall at all times cooperate with the Director's investigation of any allegations of unprofessional conduct against respondent which have or may later come to the Director's attention. Either respondent's admission or a referee finding of further professional misconduct shall be conclusive evidence of a breach of this condition.

b. Within 2 weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director to monitor respondent's compliance with the terms of the probation. Failure by respondent to nominate a supervisor acceptable to the Director, authorizes the Director, at his option, to appoint any licensed Minnesota attorney as supervisor. Respondent's supervisor shall file a written report with the Director at least quarterly or at such other more frequent intervals as reasonably may be requested by the Director.

c. During the course of the probation, respondent shall cooperate fully with the supervisor and with the Director's Office in their efforts to monitor respondent's compliance with the probation and in any investigations of further professional misconduct which may arise during the probation.

d. Respondent shall report at least quarterly to the supervisor concerning the status of all matters then being handled by respondent and concerning compliance with the terms and conditions of the probation.

e. Respondent immediately shall initiate and maintain office procedures which will ensure that respondent promptly responds to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Before respondent will be removed from probation and restored to the practice of law, respondent must furnish to the Director's Office proof that he has complied with all conditions of the probation and that he is current in continuing legal education requirements.

3. That, within 60 days of the date of this order, the respondent shall pay to the Director the sum of $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility, plus any disbursements taxed by the Director pursuant to Rule 24(b), Rules on Lawyers Professional Responsibility.